the fourth district appellate court of the state of illinois has now convened the honorable john w turner presiding thank you good morning we're here on case number 4 2 2 0 6 7 7 that's people versus brian k williams for the appellant we have maria shaver for the appellee mr justin nicolosi miss shaver you may proceed with your argument thank you may please the court good morning on behalf of the office of the state appellate defender my name is maria shaver and i represent brian williams the central error in this case that cause or contributed to all three issues before this court occurred when the trial court failed to admonish brian williams until after accepting his guilty plea that it was not concurring in or bound by the agreed 33 year sentencing cap and that it could in fact sentence brian anywhere from 12 to 120 years then after finally disclosing that information the court never told brian he could either persist in or withdraw that plea as rule 402 d3 required our supreme court enacted rule 402 to ensure guilty pleas are knowingly and voluntarily made but as a result of the court's failure to properly admonish brian he received the maximum potential sentence of 120 years after pleading guilty without knowing that was even possible the protective measures intended to prevent things like this from happening failed brian on multiple levels even if brian is not entitled to relief due to the trial court's failure to substantially comply with rule 402 d3 the inadequate admonishments resulted in brian pleading guilty while under the misapprehension that he could not be sentenced to be on the 33 year cap and that he could not withdraw his plea once he learned that he had pled guilty while multiple misapprehensions and if brian is not permitted to withdraw his plea he should be allowed to challenge his 120 year sentence that again as a result of not being properly admonished he did not even know could be imposed at the time he pled guilty when the trial court ordered brian to serve a sentence 87 years beyond the agreed cap the plea transformed into an open plea for purposes of rule 604d the core issue with brian's plea is that the errors caused by the court's failure to comply with rule 402 d3 were never cured and then snowballed into a host of other problems all of which could have been avoided if the court had simply followed the rule or answered brian's questions the most obvious of the areas entitling brian to relief is the trial court's failure to substantially comply with rule 402 d3 the rule is clear that where the court has not concurred in the plea agreement it should inform the defendant in open court at the time the agreement is stated that it is not bound by the agreement and that if the defendant persists in his plea the disposition may be different than that contemplated by the agreement but instead of admonishing brian that it was not bound by the agreement at the time the plea was presented or even in response to brian explicitly asking that the sentence could be more than the cap the court waited until after accepting brian's plea to tell him that was not bound by the cap and that the sentencing range was 12 to 120 years and even then it was never explained that brian the opportunity to persist in or withdraw his plea an error that was compounded by brian's attorney incorrectly advising him that he could not withdraw his plea until after he was sentenced the fifth district recently highlighted the importance of complying with rule 402 d3 and people be strawbridge the defendant in strawbridge pled guilty to an amended charge in exchange for the 45 a 45 year cap the trial court did not explicitly agree with or conditionally agree with the cap the defendant was then sentenced to 45 years however his motion to withdraw indicated he believed he would receive a 20-year sentence when the appellate court found that the trial court's statement that the state is agreeing to a sentence cap sentencing cap of 45 years therefore the possible penalties would be a sentence of 20 to 45 years could have reflected that the court assented to be bound by the cap because the maximum penalty without the cap would years but the trial court never clearly and directly indicated its agreement to the cap so the defendant pled guilty without the court's assurance it would not impose a longer sentence strawbridge reiterated that no defendant should be required to make presumptions as to the sentence he is facing and that it is incumbent on the court to explicitly state its concurrence or conditional concurrence to a plea agreement even though the defendant was sentenced within the cap and didn't raise this issue on appeal the fifth district still found the error occurred the importance of rule 402 d3 is even more deeply underscored by the facts of this case where brian asked whether or not he could be sentenced beyond the 33 year cap and was still not told he could be until after his guilty plea was accepted and where he was never advised that he could withdraw his plea after learning the court was not bound by the agreement before he was sentenced to a term of 120 years 87 years more than he thought he had agreed to as a consequence of the court's failure to properly admonish brian he was left to make presumptions as to whether he was facing a 33 year sentence or a 120 year sentence at the time the court asked him if he pled guilty or not guilty brian's third post plea motion indicated that if he had known he did not have to persist in his plea he would have withdrawn the plea and proceeded to trial because the court's failure to adequately admonish brian pursuant to rule 402 d3 failed to fulfill the purpose of rule 402 and ensuring brian's plea was voluntary the plea should be vacated and the matter remanded for him to have the opportunity to plead anew trial court failure to admonish brian consistent with rule 402 d3 also contributed to brian pleading guilty while under multiple misapprehensions that rendered the plea involuntary first brian incorrectly morning counsel excuse me morning uh on the the request that you're making with regards to remand one of the other issues that you've raised in the brief is the request of reassignment to another judge um and what in the record specifically uh you've mentioned a variety of factors but what really requires uh remand in this instance um that is supported by the record to be sent to another judge in the event that the court uh would agree with your argument yeah if the court agrees to remand the matter we believe a new judge should be assigned to the case because the judge here maxed brian out he sentenced him to 120 years and and abused his discretion in doing so the court found that um that brian had not expressed remorse and as the record show brian explicitly uh expressed or um explicitly accepted responsibility five different times um but the court apparently didn't find that that was sufficient remorse and it's sufficiently accepting responsibility um and in our opinion the the trial court abused its discretion in the sentence to the extent that a new judge would be required um it did not consider brian's criminal history appropriately in mitigation uh the court held the brian's traffic tickets against him he had had approximately an average of at least two traffic or one traffic ticket every two years uh since like the mid-90s uh his prior offenses were primarily misdemeanor property crimes the court also didn't uh consider the hardship that would be imposed on his family brian cared for his he had actually two disabled brothers and he assisted his elderly mother in caring for them he provided financial support he also assisted in taking his brothers to things like doctor's appointments i believe at least one of them was a stroke victim i think they maybe both had diabetes one of them for sure was in a wheelchair and that's the one let me interrupt you um are you saying then in response to justice lander's question that this court should we remand this in order to um have a new judge appointed that you have to demonstrate that just judge workman abused his discretion in handing down the sentence that he imposed no your honor not necessarily um well insert a way for us to do that short of finding an abuse of discretion on the part of the trial court yes your honor i think the court can assign the case to a new judge um it doesn't necessarily require an abuse of discretion in okay i appreciate that you think that but is there some authority for that uh your honor i apologize i don't have that um right in front of me at this moment but in the event um this court does not think that the case should be remanded for a brian to withdraw his plea it should vacate the order denying his post-plea motion or remand for him to be able to file new post-plea motions including a motion to reconsider sentence brian's ability to challenge his sentence hinges on whether a partially negotiated plea qualifies as a negotiated plea for purposes of rule 604d where the trial court does not concur in or sentences the defendant vastly beyond the agreed term our supreme court's interpretation of the rule shows that it does not in evans the court relied on contract principles and the concept of fundamental fairness and holding the defendant can't challenge a sentence following a fully negotiated guilty plea because that would amount to seeking to hold the state to ascend to the deal while unilaterally changing the sentence the defendant agreed to then in linder the court addressed the same issue a similar issue of whether a defendant who pled guilty in exchange for a cap on the length of his sentence may challenge a sentence within the cap without first moving to a plea finding that by agreeing to be guilty in exchange for a recommended sentencing cap a defendant is in effect agreeing not to challenge any sentence imposed below that cap on the grounds that it's excessive then next in lundy the supreme court found that even where charges are dismissed if there's no agreement as to sentencing the defendant did not have to withdraw his plea to challenge the sentence noting that when the state does not provide any sentence inducement for a defendant in its plea bargain such a negotiated plea at least for purposes of the sentencing hearing more closely resembles an open plea and that the trial court retains all of its discretion at sentencing later in hider where the defendant pled guilty in exchange for a six-year cap but receives the sentence and challenged his sentence as excessive alleging the trial court considered an improper factor at sentencing the supreme court remanded for resentencing without discussing whether the defendant's challenge was proper under rule 6 of 4b the state suggests that the state appellate prosecutor three justices on this court the assistant attorney general seven justices on the supreme court and all of the clerks and staff attorneys that looked at that case along may somehow mysteriously miss the fact that the defendant was improperly challenging his sentence following a negotiated plea the more logical explanation is that this went without comment because it was obvious to everyone involved at the trial court sentencing the defendant to almost two times the agreed cap under rule 604d that did not prohibit him from challenging his sentence because the plea was functionally an open plea then in johnson the supreme court reinforced by neil linder that a defendant who is sentenced under an agreed cap cannot challenge his sentence as excessive because he has agreed to accept any under that agreed cap the case is finding that a sentence following a partially negotiated plea cannot be challenged all addressed cases where the sentence was below the cap the time the court was faced with a plea involving a sentence above the cap the matter of whether or not he could challenge that sentence under rule 604d was not raised but after finding error with the sentencing hearing the court reversed and remanded for resentencing consistent with that when the fifth district was faced with such a situation involving a plea above the where the sentence was above the cap in honor the defendant was sentenced to 10 years despite the state recommending four and the fifth district agreed that because the court rejected the state's recommendation the sentencing procedure transformed into a hearing more akin to an open plea which allowed the defendant to challenge her sentence without withdrawing the plea in honor the defendant signed a plea agreement acknowledging the court did not participate in the agreement that was not bound by the recommendation and the court also admonished the defendant it was not bound by the agreement and then the state asked the court to reconfirm the defendant still wanted to persist in her guilty plea and the court asked if she had changed her mind and the defendant said no she was then admonished again about the court not being bound by the agreement at her sentencing hearing and although the state upheld its bargain by recommending the agreed upon sentence the trial court rejected that recommendation and once the trial court indicated it was rejecting the negotiated sentence the procedure converted into a hearing more like an open plea where the court could exercise its full discretion because the proceedings became analogous to a sentencing proceedings following an open plea the defendant's sentence exceeded the scope of the negotiated plea and the court found it could consider the defendant's sentencing argument even though she abandoned her claim that she was entitled to withdraw her plea the state in that case after considering the evidence and the defendant's conduct since the incident determined that society's interest in punishing the defendant was satisfied by a four-year sentence and strongly advocated for her to receive that sentence which undermines any conclusion the defendant posed so serious a future threat that the maximum sentence was required to protect the public and likewise here brian's plea transformed into an open plea when the court sentenced him to 87 years over the state's 33-year recommendation and imposed the maximum sentence of 120 years like the defendant in honor brian should be permitted to challenge his sentence i want to ask a question for a moment yes your honor you mentioned discretion well doesn't the it can give less than what the state is recommending it can give what the state is recommending or it can give more than what the state is recommending are you are you is there is there something wrong with that with that statement it has full discretion to do whatever your honor i apologize i'm not sure i'm understanding the said that the court exercised its full discretion in sentencing to far beyond the cap or the agreed upon recommendation my suggestion is the court exercises its full discretion regardless because it doesn't have to give what the state recommends it can give less can give the same or it can give more so i don't understand how stating that the court gets to exercise its full discretion has anything to do with whether or not this gets converted to a open plea your honor in a fully negotiated plea the court would not be exercising it would exercise discretion in accepting the plea but it wouldn't exercise its discretion having the full range of sentencing options available to it it would sentence the defendant to the first of its partially negotiated the court continues to have full discretion yes i apologize i didn't hear that last part if it's a partially negotiated plea the court continues to have full discretion yes the only way the discretion is taken away is in a fully negotiated plea and the court accepts other than makes discretion to accept it yeah i i think what you're getting at is it tied back into the problem with the mr williamson being admonished under rule 402 d3 i don't i don't necessarily disagree but i'm i'm challenging you on it appears to me as if you think that because it was so far above the sentencing recommendation that that's what turns it into uh or what what really ought to grab our attention your honor yeah i do think because it was so extreme that this can't possibly be what the supreme court intended to consider a negotiated plea that a chance the defendant can't challenge under rule 604 d but even if it only been one year over two over anything that's exceeding that cap is outside the scope of what the defendant agreed to and it doesn't uh go against the the contract principles that evans and his progeny are talking about that when the defendant is not getting what he bargained for particularly in a situation here where where he doesn't know that so the record shows that he was asking about it during the plea he didn't know it was an option in a situation like that particularly under our facts where he doesn't know where he wasn't admonished it functions as an open plea where the court was not concurring in or agreeing to the cap um i think honor is a really good example of that where even though the defendant there did know that the court was not bound by it um the the fifth didn't stay within the cap and that's what transforms it into an open plea where the court is not accepting the agreement the courts are functionally rejecting the the plea agreement that is prevented and that's what turns it into an open plea and i think it treating it that way is still it's consistent with cases like evans um because here it actually would create like the the reverse situation of allowing the state to receive the benefit of its bargain um obtaining conditions without having to present a case at trial while the defendant receives essentially no no true benefit from having relinquished his right to trial and in a case like this where have you gone to trial in phase 120 or assuming all three charges 135 years there's no true benefit to him depleting and presenting an open plea for a situation like that what what would he gain from that it's because he was enticed to doing it by the 33 year cap uh that that gives him that benefit from it and the record here shows that it be it functioned as an open plea once the court rejected that agreement didn't concur in it before we put a stamp of approval in a case where the that there was a 33 years cap we need to be confident that brian's plea was knowing and voluntary even with the other errors the fact that brian pled guilty without knowing he was subject to a sentence of up to 120 years regardless of that 33 year cap that enticed me to be guilty and then receive the maximum penalty 87 years beyond the cap prevents this plea from being voluntarily made and that happened because the court didn't comply with rule 402 d3 brian's a lay person he did not finish high school he may have some intellectual disabilities and he was represented by counsel who obviously was not clear on the state of the law brian was asking questions from his first court appearance through his sentencing hearing trying to understand what was happening and he wasn't receiving clear answers before his plea was accepted and on top of that we know he was getting bad legal advice the record in this case demonstrates that the plea was not knowing knowingly and voluntarily made if there are no further questions uh because brian did not voluntarily plead guilty uh we are asking that the case be reversed and remanded thank you thank you miss shaver you will have rebuttals and now we will hear from mr nicolosi please good morning your honors may it please the court miss shaver my name is justin nicolosi i represent the state of illinois this matter and the state submits a request to this court to to affirm the defendant's convictions and sentences the state is at the outset is going to kind of acknowledge that the trial court here did not strictly comply with a rule 402 d3 um there's there's obviously no no question that the court was not did not explicitly the language in that rule um of course the state submits that the court does not need to strictly comply the language that rule uh the state submits that the court did substantially based on a review of the transcript in this case this state observes that uh there is no question based on the transcript and the proceedings below that this was a recommended something cap that they had agreed to um there should be no question what the word recommend means it means that the person who was being recommended this this um 33 year cap does not have to agree to it it's not um that that was made crystal clear uh at the guilty hearing and that's kate the defendant uh what was crystal clear this was just a recommendation from the state this is not a requirement this was not an iron clad 33 year that became crystal clear only after the court had accepted the guilty plea right crystal clear in that the court only expressly used the those terminology after accepting the guilty i would agree with that but it should have been crystal clear that the word recommend what the word recommended so that's that's not a uh initially we're talking about how he's a lay person he didn't finish high school but everybody knows what the word and means means that the judge in this case was not required to accept for three years i the state says there should be no no debate on that point that defendant who stated on in court that he understood the agreement he signed off on the agreement therefore he knew that but that he was that this that was just merely a recommendation mr nicolosi i note miss shaver in her reply brief uh indicated that the state had not responded to the collins case i hope you saw that in the reply brief um what is your response to the collins case your honor i i regret to inform you i i was having some technical issues here and i i have i was not able to access favor apologize i have to that could you repeat that you you're you broke up on me i didn't hear all i'm sorry i i was i my response is i i had technical issues and i was not able to access miss shaver's reply brief um if this court would like certainly i will um try to get a hard copy of her reply brief and respond in a brief after argument if this court would would appreciate that well in her reply brief she cited the case of um well actually she decided in her initial brief pointed out in the reply brief that the state did not respond to people v collins are you familiar with the case if you're not that's okay but i apologize i apologize your honor i am not okay at this point yeah i'm sure when i wrote the brief i was but in my preparation for argument that's not a case i would apologize okay proceed your honor what i the case that i focused on in my brief and i think is is is relevant here is people versus meyers it's a third district case where uh the court the third district um stressed that uh again stress that strict liability or strict requirement with uh 402 d3 is not required um by a trial judge the court in that case trial court stated that i informed the defendant clearly that it could sentence the defendant to whatever it saw fit it rattled off several different examples of sentences that the court would impose for example two to six years and five to 15 years a bunch of different examples third district based on that record stated that the concepts established in 402 d3 um that the concepts that were are required to be imparted upon the defendant were met in that case uh and the state submits that here the trial court similarly met those requirements excuse me counsel what in the record shows that the defendant knew that he had the right to withdraw the plea if the court did not concur and isn't it significant in this case that those statements were all made after the defendant had pled guilty yes your honor i i cannot certainly hide from the fact that the court uh basically strictly complied with the rule after uh entering judgment on the plea um but the state submits that the fact that um the court did in its admonishments before accepting did inform the defendant he had the option of continuing with his not guilty plea which he had up to that point of court uh continued with uh but that the defendant also had the the option to be guilty i think that you know based on the court's language and it's a proper admonishment on that point the defendant uh knew that it had the he had the ability to uh knew with his not guilty plea or he had the option of pleading guilty he ended up doing it um your honors the the fact that the state submits the fact that the defendant um during the court's admonishments of future consequences consequences of his plea and so forth that the defendant essentially volunteered um with a question that acknowledged he asked if he could get more than the cap uh and the state submits that was that was not responsive to anything the on his own well excuse me counsel in fact wasn't that responsive to what i will say the general admonishments where we talk about possible consequences of the plea and that any future conviction may have an increased sentence in his mind he had not yet pled guilty isn't it arguable at least that that language is what made him become concerned that he could have gotten more from the cap i understand that argument and that that certainly could be could be a defendant's position on that but the state submits that given the fact that the current issue on appeal is whether or not the sentence will go over on the cap the state would argue that that was that was a topic or a question that was was put in his mind by defense counsel of course that's not on the record that's just the state's supposition here um it kind of gets the fact in my brief that i argued this isn't really the right forum for an ineffective assistance argument because we don't know exactly what the what counsel um talked to a defendant about this plea before um we've got on the record here at court they submit the fact that that question was on the defendant's mind um statements that certainly was it's possible that counsel discussed the fact that this was um uh you know a partially negotiated plea and that this was a recommended sentence for the defendant you know let's say it's just submitting here for the sake of argument the defendant knew this was a recommended sentence so he calculated what that meant and asked the court kind of at a time he saw fit asking to ask the court whether or not he can get more than the cap again that's the state's argument based on the record that we have here in this case and the court said in response to defendant asking if you could get more than the cap that we'll discuss that later again the state acknowledges that that's not the perfect way to um this this supreme court rule and that particular question by defendant proper mode would it would have been at that point uh lay out the the rule and the the law at that point and as clear as possible was not done at this case but the state submits that based on the question defendant asked the fact that we're talking about a recommended sentence defendant knew we were talking about a recommended cap um and based on the precedent in Myers where we're very similar language used uh to express the concepts in 403 that this would find that the court actually complied with if the court um you know moving on the court uh the state submits that the the court did not uh further did not deny or abuse its discretion in denying defendant's claim um that his was um involuntary um the state or the defense argues that there were several misapprehensions um that were in that caused defendant to um go down the road guilty state submits that while while the guilty hearing defendant mentioned many different random things such as the dates um such as it was his only option that was a quote and other things that defense the defense points to as contributing to the argument that his it was involuntary the state submits all of those statements as I as I argue uh at length in my brief um do not um point to defendant's plea being involuntary while court admonished the defendant about um the charges he was facing the the maximum penalties he was facing uh that he wasn't forced or coerced uh he wanted to plead guilty um based on the totality of what the trial court um did in this case the state submits that uh this court could find that or properly denied defendant's motion to withdraw his on uh being involuntary um moving on to the final issue the state submits that um the defendant uh should not be able to um appeal uh an issue based on his sentence uh this court's very recent decision in robinson the state submits is is um on point with this case and this court should follow robinson um where it seemed like that the state would surmise that this court kind of reluctantly uh went ahead and uh issued its province and even though yeah clearly um the the agreement that was entered into was just a cap but the um you know the the I think the court wasn't bound by it but the court found it technically being it was a negotiated plea because the prosecutor had bound itself um to a recommended to recommend a specific sentence based on that language this was a negotiated plea based on 604d therefore even though the court didn't have to agree with that by the the letter of the law it was a negotiated uh guilty plea therefore the court in this court in robinson found that it had to um abide by the the rule that the only recourse in this in a negotiated guilty plea is to withdraw your plea and vacate the judgment and can't just go forward with a um also the the state um submits that if this court does find error occurred and decides to be replaced in this case the reason for imposing the sentence that judge workman did um the basis bts are all uh based on things that happened in this case based on defendants that the court the horrendous crimes were committed um based on the defendant's um criminal record based on the statements defendant made uh in allocution where the defendant basically stopped short of accepting responsibility and and multiple instances tried to um suggest that the victim was so based on those that was why judge workman a sentence defendant as he did the judge did not use any uh outside of the record influences um and and based on that there's no there's no basis with which to point that judge workman for having um some sort of prejudice bias again isn't based on this case so with that um that's all i have uh if there any other questions i'd be happy to answer i have a question mr nicolosi based upon the what your last argument that the state's position should we remand this case is that uh the same trial judge uh would be allowed to proceed what if the state on remand uh doesn't really want to have to put the victim on to testify and really wants a plea agreement and the defendant also wants to do a plea agreement um how could that ever occur because this trial court if is if uh it's still in front of this trial judge um has already sentenced the defendant to the maximum and so um defendant's not going to plead guilty and uh on an open plea of any kind because he already knows he's going to get the maximum uh but the state actually does want uh to do a plea agreement with the defendant isn't uh believe your client or not your client believe defendant is 50 years old um and um the state very well may have thought the 33 year sentence was sufficient and defendant was willing to agree with it and now that would be off the table so my question is why is it that the state takes the position uh that um the same trial judge should be involved on remand because it seems to me maybe to be counterproductive to what the state might want to do i understand that your honor and to your point you just made that that if it got remanded and uh the defendant was in front of justice workman and he would be he would get the math i believe you you kind of suggested he would get the max if this same situation unfolded well the state disagrees with that particular statement because um if if you look at the record in this case the a strong reason why the defendant received the maximum was because of his statements in allocution regarding the victim that the judge took those strongly into consideration the state believes if this went back and defendant either pled guilty or was found guilty again and he was able to make a statement perhaps defendant after this process and the time has passed maybe he has um reconsidered his his thoughts on this matter and and would be much more willing to accept all the blame because of course he deserves all the blame uh happened and the state submits that if if given if if the defendant provided justice work judge workman uh an ability to um provide to give a lesser sentence um by by being remorseful uh then then justice workman would do so uh because judge would probably give a lesser sentence uh if the defendant um kind of provided the judge an opportunity to do that uh i hope that answered your question if there are any other questions i'd be happy to answer them i don't see any other questions so thank you for your argument ms daver do you have any rebuttal thank you your honor uh first well while an attorney might understand that the word recommendation meant that the court wasn't bound by the agreement a lay person who has not gone through past their sophomore year in high school has trouble reading and writing um has never been to prison before and for 20 or more than 20 years hadn't been involved in the criminal justice system wouldn't necessarily understand that the court didn't have to follow that recommendation um regarding people being meyers i don't think that case is really comparable to what happened here the defendant and meyers was admonished twice about the fact that the court would determine the sentence before the pleas were accepted and provided multiple detailed examples of what types of sentences could be imposed and even though the admonishment given in that case wasn't verbatim what the rule provided it still substantially complied because an ordinary lay person would have understood based on what was said that the court had the ability to fashion a sentence um with the broader range and here brian was not told that he could be sentenced up to 120 years despite the fact that he had agreed to a 33-year cap with the state until after he had pled guilty so this case is more like collins uh meyers is just completely distinguishable also complying with rule 402a and admonishing brian consistent with that that's not a substitute for substantially complaining complying with rule 402d3 those requirements were listed out of the supreme court separately for a reason um even if brian's question at about being able to be on the cap had just been a clarifying point um because he he already knew that the cap wasn't binding again i think the way the question is posed suggested it was an inquiry rather than a confirmation um but but even if it was just a confirmation that the question is still essentially asking the court if it is going to concur in the plea agreement uh with the agreed cap and and strawbridge says that a defendant uh the court needs to provide clear and direct indication if it is so failing to answer that question is still a problem 402d3 even if uh it was just seeking clarification of what brian was already aware of and again we we don't think it was i think uh points concerning brian's ability to to be guilty before judge workman if if the case was remanded being in front of that judge would have a chilling effect on the party's ability to resolve the matter without going to trial and under the facts of this case it seems that that is something the parties both would be interested in trying to accomplish um let me stop you there you say we have a chilling effect suppose we agree with you on that is that a basis for this court to upon remand direct that a new judge be assigned to the matter yeah i think it is um the purpose of being able to remand before another judge is to ensure that the proceedings are fair that it would be a fair hearing please guilty or not guilty either way and in this case uh has been presented we believe on a record and that does necessitate now wait a minute wait we could do this without saying there's been bias we could do it in the interest or could we do it in the interest of the administration of justice yes your honor but okay then why are you asking this i understand that's a separate issue but to base it on bias that he's shown then we don't need to consider the administration justice and i mean i understand your point about it but it seems to me that you want it but you want to blame him for showing bias and you want to say well we also couldn't uh ever get him he couldn't ever get a fair plea um yeah i think the those two issues are interconnected uh it's the judge that has exhibited the bias that presents prevents brian from being able to fairly go to trial or uh present a new plea if the parties came up with a new agreement the court has made it clear that it's not accepting a negotiated agreement from these parties and that prevents either way what happens on remand the matter from being fair and that is the purpose of being able to assign a judge uh because brian did not voluntarily plead guilty in part due to the inadequate management as required before a floor to be we are asking this court to reverse the trial court order denying his motion to withdraw his plea and remand the matter for further proceedings thank you okay thanks to both of you the case is submitted and the court now stands in recess